UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EASCO HAND TOOLS, INC.,
ARMSTRONG TOOLS, INC.,
KINGSLEY TOOLS, INC., LEA
WAY HAND TOOL CORPORATION,
and MATCO TOOLS CORPORATION,
   Plaintiffs,

VS.

HU, HOU-FEI a/k/a BOBBY HU,
   Defendant.

Civil No. 3:02cv1747 (AVC)

## ORDER

This is an action for a declaratory judgment. The plaintiffs and counterclaim-defendants, Easco Hand Tools, Inc., Armstrong Tools, Inc., Kingsley Tools Inc., and Lea Way Hand Tool Corporation, seek a declaration that they have not infringed a so-called `387 patent held by the defendant and counterclaim-plaintiff, Bobby Hu. The `387 patent covers a type of reversible ratchet wrench.

Earlier in discovery, the plaintiffs issued a document request to the defendant regarding foreign patent prosecution. The defendant's counsel in the United States thereafter forwarded the request to the defendant's counsel in Taiwan, and asked that Taiwanese counsel produce any responsive documents and to review the production for privilege prior to forwarding anything to the United States. This request was not honored. When the documents arrived in the United States, counsel for the defendant did not check the production prior to disclosure to the plaintiffs. No review was undertaken because counsel believed that the documents were written in Taiwanese or Chinese, and thus unintelligible.

Approximately three months after the defendant produced the documents to the plaintiffs, the defendant's U.S. counsel realized that the production contained documents written in English and that, of approximately 200 produced documents, 46 were privileged. The defendant now seeks an order requiring the plaintiffs to return these documents.

Having considered the contentions of counsel and the relevant authority, the court concludes that the plaintiffs need not return anything. Accidental disclosure of a communication results in waiver of the attorney-client privilege when a producing party does not take adequate precautions to maintain the confidentiality of the privileged communication. United States v. Gangi, 1 Supp.2d 256, 263 (S.D.N.Y. 1998). In determining whether "an inadvertent disclosure of documents should be considered an irrevocable waiver of privilege, [the] court [examines]: (a) whether the disclosing party took reasonable precautions to prevent disclosure; (b) the speed at which the disclosing party acted to rectify its mistake; (c) the overall volume of documents produced in discovery; (d) the number of inadvertent disclosures included among those documents; and (e) fairness. United States v. United Technologies Corp., 979 F. Supp. 108, 116 (D. Conn. 1997).

The court is not persuaded the reasonable precautions were taken to prevent disclosure -- especially where, as here, counsel for the defendant undertook absolutely no review of the production before turning it over to the plaintiffs. Further,

2

the three month lag time between the production date and the error discovery date, and the relatively high volume of privileged documents disclosed as compared to the production in general, all point to a want of due care sufficient to constitute a waiver of the privilege. Moreover, simple fairness militates in favor of a finding of waiver. During the three month period prior to discovery of the mistake, the plaintiffs had an opportunity to study these documents and use them in preparation of their case. It cannot be "doubted that the confidentiality of the communication can never be restored, regardless of whether the disclosure was inadvertent or purposeful. . . There is no order I can enter which erases from . . . counsel's knowledge what has been disclosed."" Int'l Digital Sys. Corp. v. Digital Equip. Corp., 120 F.R.D. 445, 449 (D. Mass. 1988). The motion to compel (document nos. 21 and 23) is therefore DENIED.

It is so ordered, this 20th day of October, 2003, at Hartford, Connecticut.

_____
Alfred V. Covello
United States District Judge/

3