UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2003 OCT 22 P 12: 47

US DISTRICT COURT
HARTFORD CT

| | |
|---|---|
| EASCO HAND TOOLS, INC., ARMSTRONG TOOLS, INC., KINGSLEY TOOLS, INC., LEA WAY HAND TOOL CORPORATION, and MATCO TOOLS CORPORATION, Plaintiffs, | Civil No. 3:02cv1747 (AVC). |
| VS. | |
| HU, HOU-FEI a/k/a BOBBY HU, Defendant. | |

### ORDER GRANTING IN PART AND DENYING IN PART MOTION TO BIFURCATE AND FOR A STAY OF DISCOVERY

This is an action for a declaratory judgment. The plaintiffs and counterclaim-defendants, Easco Hand Tools, Inc., Armstrong Tools, Inc., Kingsley Tools Inc., and Lea Way Hand Tool Corporation, seek a declaration that they have not infringed the so-called `387 patent held by the defendant and counterclaim-plaintiff, Bobby Hu. In a related matter, Easo Tools, Inc. et al., v. Hu, Civ. No. 3:02cv1723 (AVC), the plaintiffs seek identical relief with respect to a so-called `992 patent. Both patents cover reversible ratchet wrench technology. By way of counterclaim, Hu alleges in both cases that the plaintiffs willfully infringed his patents and engaged in trade secret misappropriation.

The plaintiffs now move pursuant to Federal Rule of Civil Procedure 42(b) to bifurcate trial of each matter into two stages, a liability phase and, if necessary, a second phase focused on damages and the issue of willful infringement. The plaintiffs also seek a stay of discovery on the willfulness and

damages issues if the motion to bifurcate is granted.

Pursuant to Fed. R. Civ. P. 42(b) the court, in furtherance of convenience or to avoid prejudice, may bifurcate a trial if "separate trials will be conducive to expedition and economy." Id. Separate trials remains the exception rather than the rule. Monaghan v. SZS 33 Assoc., 826 F. Supp. 233, 245 (S.D.N.Y. 1993). The party seeking to bifurcate has the burden of demonstrating that judicial economy would be promoted and that no party would be prejudiced by separate trials. Novopharm Limited v. Torpharm, Inc., 181 F.R.D. 308, 310 (N.D. Cal. 1998).

In this case, the plaintiffs correctly maintain that, as a general proposition, bifurcation may further judicial economy as a preliminary finding on the question of liability may well make unnecessary the damages inquiry. Moreover, ordering a stay of the issue of willful infringement until the damages inquiry may serve to protect the plaintiffs' litigation rights, as the need to invoke legal advice as a defense and thereby waive the attorney client privilege would be unnecessary. Because, however, bifurcation is the exception and not the rule, the plaintiffs need to come forward with more than general propositions to claim entitlement to this relief. They need to show specifics, and this they have failed to do. See THK Am., Inc. v. Nippon Seiko K.K., 141 F.R.D. 463, 464 (N.D. Ill. 1991) ("If generalities could carry the day, Rule 42 would eviscerate the general rule against separation of issues.").

The record reflects no specific evidence of how judicial

2

economy might be served, or how prejudice to the defendant might be avoided. To the contrary, judicial economy would be furthered by consolidation, as many of the witnesses and evidence needed to address liability and damages are the same. Moreover, the technology at issue is rather simple, reducing substantially the risk of jury confusion that, at times, is of concern where liability and damages are tried together in patent cases.

With respect to the claim of willful infringement, "[a]n accused infringer. . . should not, without the trial court's careful consideration, be forced to choose between waiving the privilege in order to protect itself from a willfulness finding, in which case it may risk prejudicing itself on the question of liability, and maintaining the privilege, in which case it may risk being found to be a willful infringer if liability is found." Quantum Corp. v. Tandon Corp., 940 F.2d 642, 644 (Fed. Cir. 1991). At this juncture, the plaintiffs have not claimed a defense based on a reliance on legal advice. The court will stay discovery on this issue until the federal circuit decides, in an upcoming hearing, the appropriateness of such discovery in similar cases. See Knorr-Bremse Systeme Fuer Nutzfahrzeuge GMBH v. Dana Corp., No. 01-1357, 01-1221, 02-1256, 2003 U.S. App. LEXIS 19817, *2 (Fed. Cir. September 26, 2003).

The motion is denied to the extent is seeks to bifurcate liability from damages. The motion is granted to the extent is seeks a stay of discovery on the issue of willfulness of infringement. The motion (document no. 24) is therefore GRANTED

in part and DENIED in part.

It is so ordered, this 22nd day of October, 2003, at Hartford, Connecticut.

_____
Alfred V. Covello
United States District Judge