# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EASCO HAND TOOLS, INC., | : | CIVIL ACTION NO. 3:02 CV1747 (AVC) |
| ARMSTRONG TOOLS, INC., | : | |
| KINGSLEY TOOLS, INC., LEA WAY | : | |
| HAND TOOL CORPORATION and | : | |
| MATCO TOOLS CORPORATION | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| vs. | : | |
| | : | |
| HU, HOU-FEI a/k/a BOBBY HU | : | |
| | : | |
| Defendant. | : | OCTOBER  21, 2003 |

## PLAINTIFFS' MOTION FOR LEAVE TO FILE A SUPPLEMENTAL MEMORANDUM IN SUPPORT OF THEIR MOTIONS TO BIFURCATE LIABILITY FROM DAMAGES AND WILLFULNESS AND TO STAY DISCOVERY

Plaintiffs Easco Hand Tools, Inc., Armstrong Tools, Inc., Kingsley Tools, Inc., Lea Way

Hand Tool Corporation and Matco Tools Corporation (collectively "Easco") respectfully submit

this motion for leave to file a supplemental memorandum in further support of their Motions To

Bifurcate Liability from Damages And Willfulness, in this and the companion case of *Easco*

*Hand Tools, Inc., et al. v. Hu, Hou-Fei*, Civil Action 3:02 CV 1723 (AVC), in order to alert the

Court to a potential change in the state of the law affecting these Motions and the necessity of

bifurcation in these matters.  The Supplemental Memorandum is attached hereto as Exhibit A.

Respectfully submitted,

**PLAINTIFFS: EASCO HAND TOOLS, INC., ARMSTRONG TOOLS, INC., KINGSLEY TOOLS, INC., LEA WAY HAND TOOL CORPORATION and MATCO TOOLS CORPORATION**

By: _____

      Francis H. Morrison (ct 04200)
      *fhmorrison@dbh.com*
      Matthew J. Becker (ct 10050)
      *mjbecker@dbh.com*
      Natasha M. Lipcan (ct 16169)
      *nmlipcan@dbh.com*
      CityPlace I
      Hartford, CT  06103-3499
      Telephone:  (860) 275-0100
      Fax:  (860) 275-0343
      Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was mailed this date, postage prepaid to:

J. Hoke Peacock III, Esq.  (*via overnight mail*)
Randall W. Wilson, Esq.
Susman Godfrey L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096

Dana B. Zabel, Esq.  (*via first-class mail*)
Cohen and Wolf, P.C.
1115 Broad Street
Bridgeport, CT  06604

Jonathan Pierce, Esq.  (*via first-class  mail*)
Michael F. Heim, Esq.
Conley, Rose & Taylor, P.C.
600 Travis Street, Suite 7100
Houston, TX  77002

_____
Francis H. Morrison

EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

EASCO HAND TOOLS, INC.,  : CIVIL ACTION NO. 3:02 CV1747 (AVC)
ARMSTRONG TOOLS, INC.,   :
KINGSLEY TOOLS, INC., LEA WAY :
HAND TOOL CORPORATION and :
MATCO TOOLS CORPORATION  :
            :
  Plaintiffs,       :
            :
vs.           :
            :
HU, HOU-FEI a/k/a BOBBY HU  :
            :
  Defendant.      : OCTOBER  21, 2003

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF THEIR
MOTIONS TO BIFURCATE LIABILITY FROM DAMAGES AND WILLFULNESS
AND TO STAY DISCOVERY**

Plaintiffs Easco Hand Tools, Inc., Armstrong Tools, Inc., Kingsley Tools, Inc., Lea Way

Hand Tool Corporation and Matco Tools Corporation (collectively "Easco") respectfully submit

this supplemental memorandum in further support of their Motions To Bifurcate Liability from

Damages And Willfulness, in this and the companion case of *Easco Hand Tools, Inc., et al. v.*

*Hu, Hou-Fei*, Civil Action 3:02 CV 1723 (AVC), in order to alert the Court to a potential change

in the state of the law affecting these Motions and the necessity of bifurcation in these matters.

Since Easco filed these Motions, the United States Court of Appeals for the Federal

Circuit has decided, *sua sponte*, to review, *en banc*, its precedent concerning the drawing of

adverse inferences when an accused infringer does not produce an opinion of counsel in defense

to a claim of willful infringement.  The outcome of this review will likely affect Easco's decision

as to whether or not to assert an advice of counsel defense and rely on such opinions in this case.

More importantly, the now unsettled state of the law on this point prevents Easco from making that decision until the Federal Circuit provides clarification.

Bifurcation of willfulness along with damages in this case, in addition to the reasons set forth in Easco's prior briefs, now provides the added benefit of allowing the Federal Circuit to complete its reconsideration prior to Easco having to make the significant decision whether or not to rely on opinions of counsel as a defense to Hu's allegation of willful infringement.

## I.    EASCO CANNOT ELECT WHETHER TO RELY ON OPINIONS OF COUNSEL UNTIL THE FEDERAL CIRCUIT CLARIFIES THE LEGAL IMPACT OF SUCH RELIANCE.

Bifurcation of this complex intellectual property dispute makes sense for numerous reasons:[1]

- If Hu does not prevail in the liability phase, then the issues of damages and willfulness need never be reached;

- The simultaneous trial of liability and damages would require the parties to conduct and submit to extensive, burdensome and intrusive discovery relevant to alleged damages that may well never become an issue; and

- The trial of Hu's claim of willful infringement before Hu has even established infringement would unfairly prejudice Easco by presenting it with the following well-recognized dilemma: whether to defend against a claim of willful infringement by providing its non-infringement opinions of counsel (i.e., invoke the advice of counsel defense), thereby waiving the attorney-client privilege and opening itself to unfair and prejudicial intrusion into its trial strategy and tactics,

---

[1] All parties agree that there should be two trials in these cases; the only dispute being how the trials should be divided.

or to forego the defense that such an opinion provides and open itself up to

adverse inferences and instructions.

The Federal Circuit has long been cognizant of this serious prejudice to accused

infringers from the inherent dilemma in applying the advice of counsel defense. *See Quantum*

*Corp. v. Tandon Corp*., 940 F.2d 652 (Fed. Cir. 1991).[2]  Indeed, the dilemma itself has been

amplified by the importance the Federal Circuit has traditionally placed on opinions of counsel in

analyzing an accused infringer's advice of counsel defense.  Perhaps because of the seriousness

of this dilemma and the role of Federal Circuit jurisprudence in its perpetuation, the Federal

Circuit has, *sua sponte*, taken an appeal from a decision by the United States District Court for

the Eastern District of Virginia, *en banc*, in order to "reconsider its precedent concerning the

drawing of adverse inferences, with respect to willful patent infringement, based on the actions

of the party charged with infringement in obtaining legal advice, and withholding that advice

from discovery." *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GMBH v. Dana Corp*., No. 01-

1357, 01-1376, 02-1221, 02-1256, 2003 U.S. App. LEXIS 19817, *2 (Fed. Cir. September 26,

2003) (*citing Kloster Speedsteel AB v. Crucible Inc*., 793 F.2d 1565, 1580 (Fed. Cir. 1986) (the

accused infringer's silence as to whether it sought advice of counsel "would warrant the

conclusion that it either obtained no advice of counsel or did so and was advised" that it would

infringe) (attached hereto as Ex. A.)  The Federal Circuit has requested briefs from the parties, as

well as assistance from third-parties, directed to *inter alia* the question of "[w]hen the attorney-

client privilege and/or work product privilege is invoked by a defendant in an infringement suit,

---

[2] The Federal Circuit has observed that the proper resolution of this dilemma "is of great importance not only to the parties but to the fundamental values sought to be preserved by the attorney-client privilege." *Quantum*, 940 F.2d at 643.  This Court also has expressly recognized the inherent prejudice of the dilemma described in *Quantum*. *See Valois of Am., Inc. v. Risdon Corp.*, 1998 WL 1661396 at*2-3 (D. Conn. December 18, 1998).

is it appropriate for the trier of fact to draw an adverse inference with respect to willful infringement?" *Id*. at \*2-3.

This *en banc* reconsideration and its attendant invitation of amicus curiae briefs demonstrates that the law in this area is unsettled and indicates that a significant change in the law is likely. However, whether or not this point of law is changed, the Federal Circuit's reconsideration itself dramatically impacts Easco's willful infringement defense and decision whether or not to rely on opinions of counsel. For example, if this case is not bifurcated and Easco is forced to determine its reliance on opinions of counsel at the present time, a subsequent decision by the Federal Circuit that adverse inferences are not appropriate may result in Easco having unnecessarily waived in-part its attorney-client privilege, and in the process prejudiced its infringement defense by laying bare much of its litigation strategy.

Alternatively, the Federal Circuit may retain the status quo, whereby adverse inferences are allowed when a party invokes the attorney-client privilege and does not produce an opinion of counsel. In this situation, if Easco has already decided not to waive its attorney-client privilege in the wrongly-placed hope that the Federal Circuit would have eliminated adverse inferences, Easco may have not only lost its opportunity to assert an advice of counsel defense but also need to defend at trial against an adverse inference from not having produced an attorney opinion.

Given this unsettled state of the law and the risks of prejudice associated with either possible outcome of the Federal Circuit's reconsideration, it would severely prejudice Easco to require it to determine at the present time whether or not it will rely on opinions of counsel. Bifurcation of willfulness and damages would avoid this prejudice by simply allowing Easco to

make this crucial decision, if it must decide at all, after the determination of liability for

infringement and after the Federal Circuit has reconsidered its precedent and provided

appropriate guidance.


## II.    CONCLUSION

For the foregoing reasons presented here and in Easco's original memoranda, the Court

should grant Easco's Motion To Bifurcate Liability from Damages and Willfulness and To Stay

Discovery.

Respectfully submitted,

**PLAINTIFFS: EASCO HAND TOOLS,
INC., ARMSTRONG TOOLS, INC.,
KINGSLEY TOOLS, INC., LEA WAY
HAND TOOL CORPORATION and
MATCO TOOLS CORPORATION**

By: _____

Francis H. Morrison (ct 04200)
*fhmorrison@dbh.com*
Matthew J. Becker (ct 10050)
*mjbecker@dbh.com*
Natasha M. Lipcan (ct 16169)
*nmlipcan@dbh.com*
CityPlace I
Hartford, CT  06103-3499
Telephone:  (860) 275-0100
Fax:  (860) 275-0343
Attorneys for Plaintiffs

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing was mailed this date, postage prepaid to:

J. Hoke Peacock III, Esq.  (*via overnight mail*)
Randall W. Wilson, Esq.
Susman Godfrey L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096

Dana B. Zabel, Esq.  (*via first-class mail*)
Cohen and Wolf, P.C.
1115 Broad Street
Bridgeport, CT  06604

Jonathan Pierce, Esq.  (*via first-class  mail*)
Michael F. Heim, Esq.
Conley, Rose & Taylor, P.C.
600 Travis Street, Suite 7100
Houston, TX  77002

_____
Francis H. Morrison