Case 3:02-cv-01747-AVC   Document 53   Filed 10/21/2003   Page 1 of 5

United States District Court
District of Connecticut
FILED AT HA...
10/21/03    19
Kevin F. Rowe, Clerk
By_____ GWalker
Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| EASCO HAND TOOLS, INC., ARMSTRONG TOOLS, INC., KINGSLEY TOOLS, INC., LEA WAY HAND TOOL CORPORATION and MATCO TOOLS CORPORATION | : CIVIL ACTION NO. 3:02 CV1747 (AVC) |
| Plaintiffs, | : |
| vs. | : |
| HU, HOU-FEI a/k/a BOBBY HU | : |
| Defendant. | : SEPTEMBER 19, 2003 |

## AMENDED COMPLAINT FOR DECLARATORY JUDGMENT OF NONINFRINGEMENT, UNENFORCEABILITY AND INVALIDITY OF A PATENT

Plaintiffs, Easco Hand Tools, Inc., Armstrong Tools Inc., Kingsley Tools Inc., and Lea Way Hand Tool Corporation, doing business as Danaher Tool Group, and Matco Tools Corporation, (collectively "Easco" or the "Plaintiffs"), by its attorneys, complains against Defendant Hu, Hou-Fei a/k/a Bobby Hu ("Hu" or "Defendant") as follows:

### PARTIES

1. Plaintiff Easco Hand Tools, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 125 Powder Forest Drive, Simsbury, Connecticut 06070.

2. Plaintiff Armstrong Tools Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 11011 McCormick Road, Suite 150, Hunt Valley, Maryland 21031.

3. Plaintiff Kingsley Tools Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 3000 West Kingsley Road, Garland, Texas 75041.

4. Plaintiff Lea Way Hand Tool Corporation is a corporation organized and existing under the laws of Taiwan, having a principal place of business at No. 18 Hou Tswang Road, Pei Twen District, Taichung, Taiwan.

5. Plaintiff Matco Tools Corporation is a corporation organized and existing under the laws of the State of New Jersey, having a principal place of business at 4403 Allen Road, Stowe, Ohio 44224.

6. Defendant Hu is an individual and, upon information and belief, is a citizen of Taiwan and resides and/or has a place of business at No. 180, Jong Ching Road, Taichung, Taiwan.

## JURISDICTION AND VENUE

7. This is an action for declaratory judgment of invalidity and non-infringement of a United States patent. Jurisdiction of this Court arises under the Declaratory Judgment Act, Title 28, United States Code, Sections 2201 and 2202, and under the laws of the United States concerning actions related to patents, Title 28, United States Code, Sections 1331 and 1338(a).

8. This Court has personal jurisdiction over the Defendant under, inter alia, Conn. Gen. Stat. § 52-59b.

9. Venue lies in this Judicial District under Title 28, United States Code, Section 1391(d) on the grounds that, upon information and belief, Defendant is an alien.

## COUNT ONE (DECLARATORY JUDGMENT – NONINFRINGEMENT)

10. On October 1, 2002, U.S. Patent No. 6,457,387 (the '387 patent) issued to Defendant, who, on information and belief, is the owner of the '387 patent (Attachment A).

11. Plaintiffs have made, used, offered for sale, sold and/or imported in the United States certain reversible ratcheting wrenches since the issuance of the '387 patent.

12. Defendant has made written and oral assertions to Plaintiffs that manufacture, sale, offer for sale, use and/or importation of Plaintiffs' reversible ratcheting wrenches would infringe the claims of the '387 patent when it issued. Based on Defendant's oral and written assertions, Plaintiffs have a reasonable apprehension of being sued for infringement of the '387 patent. Accordingly, there is a present and continuing justiciable controversy between Plaintiffs and Defendant as to Defendant's right to threaten or maintain suit for infringement of the '387 patent, and as to the validity and scope thereof, and as to whether any of Plaintiffs' reversible ratcheting wrenches infringe any valid claim thereof.

13. No valid claim of the '387 patent is infringed by Plaintiffs' reversible ratcheting wrenches, either literally or under the Doctrine of Equivalents.

## COUNT TWO (DECLARATORY JUDGMENT – PATENT INVALIDITY)

14. Plaintiffs incorporate by reference paragraphs 10-13 of this Complaint into Count Two as if fully set forth herein.

15. The claims of the '387 patent are invalid pursuant to one or more of the provisions of 35 U.S.C. §§102, 103 and/or 112.

## COUNT THREE (DECLARATORY JUDGMENT – PATENT UNENFORCEABILITY)

16. Plaintiffs incorporate by reference paragraphs 10-15 of this Complaint into Count Three as if fully set forth herein.

17. The claims of the '387 patent are unenforceable, in that defendant, and/or his attorney prosecuting the application that matured into the '387 patent, committed inequitable conduct before the U.S. Patent and Trademark Office in obtaining the '387 patent, in that Defendant and/or his attorney (1) knew of Republic of China Patent Papers, Public Notice No. 212343, Application Case No. 82207518, Republic of China Patent Papers, Public Notice No. 130638, Application Case No. 77209984 and Republic of China Patent Papers, Public Notice No. 310649, Application Case No. 86200529 and (2) failed to disclose such prior art to the United States Patent and Trademark Office with, upon information and belief, the intent to deceive the Patent and Trademark Office. The withheld prior art was material to the examination of the application and was not cumulative.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs pray:

A. For entry of judgment that United States Patent 6,457,387 and the claims thereof are invalid and unenforceable; that the manufacture, use, sale, offer for sale and importation of Plaintiffs' reversible ratcheting wrenches does not infringe, and has not at any time infringed, any claim of the '387 patent; and that Defendant is without any right or authority to threaten or to maintain suit against Plaintiffs or its customers for alleged infringement of the '387 patent.

B. For entry of an injunction enjoining Defendant Hu, his agents, employees, assignees and attorneys, and those persons in active concert or participation with him, from initiating infringement litigation and from threatening Plaintiffs, any of its related companies, any of its prospective or present customers, dealers, agents, employees, vendors, suppliers, or owners or users of Plaintiffs' reversible ratcheting wrenches with infringement litigation, and from charging any of them either verbally or in writing with infringement of the '387 patent, because of the manufacture, use, offer for sale, sale or importation of Plaintiffs' reversible ratcheting wrenches;

C. Entry of judgment for costs and reasonable attorneys' fees incurred by Plaintiffs.

D. For such other further relief as the Court may deem just and proper.

## REQUEST FOR JURY TRIAL

The Plaintiffs request a trial by jury.

EASCO HAND TOOLS, INC., ARMSTRONG TOOLS, INC., KINGSLEY TOOLS INC., LEA WAY HAND TOOL CORPORATION, AND MATCO TOOLS CORPORATION

By _____
Francis H. Morrison (ct 04200)
*fhmorrison@dbh.com*
Matthew J. Becker (ct 10050)
*mjbecker@dbh.com*
Natasha M. Lipcan
*nmlipcan@dbh.com*
CityPlace I
Hartford, CT 06103-3499
Telephone: (860) 275-0100
Fax: (860) 275-0343
Their Attorneys