UNITED STATES DISTRICT COURT  FILED
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| EASCO HAND TOOLS, INC., | : | 2003 DEC -4 P 2: 33 |
| ARMSTRONG TOOLS, INC., | : | |
| KINGSLEY TOOLS, INC., LEA | : | US DISTRICT COURT |
| WAY HAND TOOL CORPORATION, | : | HARTFORD CT |
| and MATCO TOOLS CORPORATION, | : | |
| Plaintiffs, | : | Civil No. 3:02cv1723 (AVC) |
| | : | Civil No. 3:02cv1747 (AVC) |
| VS. | : | |
| | : | |
| HU, HOU-FEI a/k/a BOBBY HU, | : | |
| Defendant. | : | |
| | : | |

## SCHEDULING ORDER

1.   On or before January 16, 2004, the plaintiffs shall identify the claim terms they believe, in good faith, require construction.

2.   On February 16, 2004:

 a.   All parties shall provide their proposed claim constructions.  After this date, any party seeking to amend, modify or submit any proposed claim construction must either obtain the consent of all other parties or file a motion requesting permission from the court for such amendment, modification, or new construction and establish to the court that good cause exists for entry of the same;

 b.   The plaintiffs shall provide all facts and specifically identify all information supporting their allegations of invalidity of the claims at issue;

 c.   The defendant shall provide all facts and specifically identify all information supporting his allegations of infringement; and

 d.   The disclosures set forth in this item shall be filed with the court.

3.   On or before March 1, 2004, the parties shall confer in good faith in an attempt to agree upon the limitations of the asserted claims that are in dispute for the purposes of a Markman hearing.  On this date the parties will file a joint claim construction statement setting forth the construction of those claim terms on which the parties agree, each parties' proposed construction for each disputed claim term, and the identity of each witness each party expects to call to testify at the Markman hearing.

4.   On or before March 31, 2004, the defendant shall file and
     serve an opening <u>Markman</u> brief and any evidence supporting
     his claim construction, including but not limited to
     identifying each witness the defendant expects to call to
     testify at the <u>Markman</u> hearing and, to the extent the
     defendant identifies an expert witness to testify on claim
     construction, the defendant shall provide a report setting
     forth that expected testimony.

5.   On or before April 30, 2004, the plaintiffs shall file and
     serve their responsive <u>Markman</u> brief and any evidence
     supporting their claim construction, including but not
     limited to identifying each witness it expects to call to
     testify at the <u>Markman</u> hearing and, to the extent the
     plaintiffs identify an expert witness to testify on claim
     construction, the defendant shall provide a report setting
     forth that expected testimony.

6.   On or before May 14, 2004, the defendant may file and serve
     a reply <u>Markman</u> brief on claim construction and may identify
     an expert if he did not previously do so pursuant to
     Paragraph 4.

7.   During the week beginning June 14, 2004, the court shall
     conduct a <u>Markman</u> hearing.

8.   On or before November 15, 2004, the party having the burden
     of proof on an issue shall designate all trial experts and
     provide opposing counsel with reports from retained experts
     regarding such issues.

9.   On or before December 14, 2004, the party having the burden
     of proof on an issue shall designate all trial experts and
     provide opposing counsel with reports from retained experts
     regarding such issues.

10.  Within seven days of the service of any expert report
     pursuant to Paragraphs 8 and 9 above, the designating party
     shall produce the file of the expert witness authoring such
     report, including all documents reviewed and/or relied upon
     in connection with the preparations of the report, as well
     as any computer-generated data or information.

11.  All discovery in both cases related to liability
     (infringement, validity, unenforceability, and damages)
     including depositions of all related witnesses, shall be
     completed on or before January 14, 2005.  All written
     discovery shall be served sufficiently in advance of this
     date so that responses thereto may be received prior to this
     date.

12.  Within 10 days after the Federal Circuit decides <u>Knorr-</u>
     <u>Bremse Systeme Fuer Nutzfahrzeuge GMBH v. Dana Corp.</u>, Nos.
     01-1357, 02-1256, 01-1376, 02-1221, the plaintiffs shall
     notify the defendant and the court: (1) in each case whether
     they intend to rely on opinions of counsel as a defense to
     willfulness and (2) in each case whether they intend to seek
     bifurcation of a trial on willfulness from the trial of
     liability and damages.  The court will hear any motion for
     leave to extend the discovery deadlines (or to reopen
     discovery) on the issue of willfulness of infringement.

13.  On or before February 15, 2005, all motions, except motions
     in liminie incident to trial, shall be filed.

14.  On or before April 30, 2005, the parties shall file a joint
     trial memorandum in accordance with the pretrial order,
     which order shall accompany the jury selection calendar, and
     be sent to the parties on March 30, 2005.

15.  Within 30 days after the deadline for completion of the
     trial memorandum, the liability and damages issues in both
     the 1723 and 1747 cases shall be ready for trial.


     It is so ordered, this 4th day of December, 2003, at

Hartford, Connecticut.

                              _____
                              Alfred V. Covello
                              United States District Judge

3